UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORTHBAY HEALTHCARE GROUP - HOSPITAL DIVISION,<br><br>Plaintiff,<br><br>v.<br><br>BLUE SHIELD OF CALIFORNIA LIFE & HEALTH INSURANCE, et al.,<br><br>Defendants. | Case No. 3:17-cv-02929-WHO<br><br>**ORDER ON DISCOVERY DISPUTE**<br><br>Re: Dkt. No. 45 |

During the phase one trial in this case, the jury will decide the "reasonable and customary" value of Northbay's services. The parties presently dispute the scope of discoverable information related to this issue. Joint St. re: Discovery Disputes (Dkt. No. 45).

In *Children's Hosp. Cent. California v. Blue Cross of California*, the California Court of Appeal decided that evidence relevant to this issue "would include the full range of fees that Hospital both charges and accepts as payment for similar services." 226 Cal. App. 4th 1260, 1275 (2014). It noted that "[t]he scope of the rates accepted by or paid to Hospital by other payors indicates the value of the services in the marketplace." *Id.*; *see also id.* at 1276 ("[U]nder settled quantum meruit principles, relevant evidence of the reasonable/market value of the services provided includes the full range of fees that Hospital both charges and accepts as payment."). It left open the possibility that factors others than those articulated in *Gould v. Workers' Comp. Appeals Bd.*, 4 Cal. App. 4th 1059 (1992), may be relevant in a particular situation, and summed up the issue as "the price that a willing buyer will pay and a willing seller will accept in an arm's length transaction." 226 Cal. App. 4th at 1275.

Northbay intends to present this evidence at trial, and Blue Shield purportedly intends to defend with "Partial Paid Claims Data"—spreadsheets of payments made by Blue Shield to other

providers in the relevant market for similar services.[1] Northbay contends that "this information is incomplete and does not accurately reflect what the hospitals 'accepted' for their services[,]" because it does not capture when a provider disputed any payment amount. It seeks the following additional information:

> 1. Identify hospitals in the relevant market with which Blue Shield has had a payment dispute during the time period covered in the Partial Paid Claims Data (**Rog 19**);
> 2. State whether any such payment disputes were resolved through settlement, arbitration, litigation, or were left unresolved (**Rog 20**);
> 3. State the amounts paid by Blue Shield in order to resolve such disputes (**Rog 21**);
> 4. State whether the Partial Paid Claims Data spreadsheets reflect the amounts paid in order to resolve these disputes (i.e., were the numbers on the spreadsheets adjusted when Blue Shield made these additional payments?) (**Rog 22**);
> 5. Describe how Blue Shield allocated any lump sum settlements or judgments to the specific claims represented in the spreadsheets (**Rog 23**); and
> 6. If the Partial Paid Claims Data spreadsheets do not reflect additional payments made by Blue Shield as a result of any disputes, explain why (**Rog 24**).

Northbay insists that Blue Shield's responses do not reflect additional payments to providers, such as payments made as a result of "disputes that never proceeded as far as formal litigation, … arbitration rulings or judgments … or … open disputes… ." Joint St. at 2–3. It also maintains that "even where no additional payments were made by Blue Shield, the very fact that a provider disputed a payment is relevant to whether that payment was actually 'accepted' by the provider as payment-in-full." *Id*. at 3. It urges that Blue Shield should be required to disclose:

> (1) all payment disputes relating to claims appearing in its data;
> (2) whether and how such disputes were resolved;
> (3) the complete amounts paid by Blue Shield in order to resolve each such disputes;
> (4) whether and how any payments made to resolve such disputes are reflected in its data; and
> (5) which of the payments made to resolve such disputes are not reflected in its data.

Northbay's requests go too far. It seeks information related to whether any of the claims have been disputed, regardless of whether additional payments have been made. Blue Shield represents that it would have to manually sift through thousands of claims to provide this

---

[1] Blue Shield notes that this data comprises "only one among several metrics that [it] will use to prove the reasonable value of NorthBay's services." Joitn St. at 4.

information. That information is neither relevant nor proportional to this case. *See* Fed. R. Civ. P. 26(b)(1). Blue Shield indicates that its "paid claims data will contain the final amount the provider ***actually* accepted** for its services (including by choosing not to further challenge the payment)." Joint St. at 4. It also notes that it has agreed to produce certain documents relevant to arbitration awards or settlements with contracted providers, so Northbay will also have this information (although not included in the paid claims data spreadsheet).

In short, Blue Shield has met its obligation to produce information relevant and necessary to the rates a provider has actually accepted as payment for services. Northbay's request for additional information is, if potentially marginally relevant, not proportional to the needs of this case. It is DENIED.

**IT IS SO ORDERED.**

Dated: August 22, 2018

William H. Orrick
United States District Judge